UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
CERTAIN UNDERWRITING MEMBERS AT LLOYDS OF LONDON,

        Petitioner,

16-CV-323 (VSB)

-v.-

INSURANCE COMPANY OF THE AMERICAS,

        Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
CERTAIN UNDERWRITING MEMBERS AT LLOYDS, LONDON SUBSCRIBING TO TREATY NO. 0272/04

        Petitioner,

16-CV-374 (VSB)

-v.-

INSURANCE COMPANY OF THE AMERICAS,

        Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**INSURANCE COMPANY OF AMERICAS'**
**MEMORANDUM OF LAW IN SUPPORT OF CROSS MOTION**
**TO CONFIRM AWARD AGAINST PETITIONERS IN 16-CV-323 (VSB) ("ICA I")**

Philip J. Loree Jr. (PL-2213)
LOREE & LOREE
830 Third Avenue
Fifth Floor
New York, New York 10022
(646) 253-0560
(516) 627-1720 (alternative phone no.)
(516) 941-6094 (mobile)
PJL1@LoreeLawFirm.com

ATTORNEYS FOR RESPONDENT
INSURANCE COMPANY OF THE AMERICAS

Petitioner Insurance Company of the Americas ("ICA") respectfully submits this memorandum of law in support of its cross-motion, pursuant to 9 U.S.C. §§ 9, 2-7 and Article V of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, for an order confirming the arbitration award (the "Award"), made on October 19, 2015, and which is the subject of the First and Second Layer Underwriters' motion to vacate in Case No. 16-CV-323 (VSB) ("ICA I").

## FACTS

A full recitation of the facts is set forth in the ICA's Memorandum of Law in Opposition to Petitioners' Motion to Vacate and/or Modify the Award, and in the Certification of Gary Hirst, executed on February 26, 2016 (the "ICA I Hirst Cert."), both of which are being filed today.

## ARGUMENT

**The Court Should Confirm the Award and Enter Judgment Against Underwriters**

When a timely application for an order confirming an arbitration award is made, the Court "must grant such an order unless the award is vacated, modified, or corrected."  9 U.S.C. § 9; *see also* 9 U.S.C. § 207 ("The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention.").  "Vacatur of arbitral awards is extremely rare, and justifiably so." *Hamerslough v. Hipple*, No. 10 Civ. 3056 (NRB), 2012 WL 5290318, at *3 (S.D.N.Y. Oct. 25, 2012). "It is well established that courts must grant an arbitration panel's decision great deference." *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003); *see also Folkways Music Publishers, Inc. v. Weiss*, 989 F.2d 108, 111 (2d Cir. 1993) ("Arbitration awards are subject to very limited review in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive

litigation.")

The strong statutory language reflects the fact that "confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court."  *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006).  Therefore, the courts have "generally refused to second guess an arbitrator's resolution of a contract dispute" (*John T. Brady & Co. v. Form-Eze Sys., Inc.*, 623 F.2d 261, 264 (2d Cir. 1980)) and confirm awards unless one of the narrow grounds for vacating the award under the FAA or Convention is proven by a challenging party.

As we discussed in our Memorandum of Law in Opposition to the First and Second Layer Underwriters' motion to vacate, Section 10 of the Federal Arbitration Act, and Article V of the Convention provide only very narrow grounds on which an award may be vacated. For the reasons set forth in that memorandum of law, the First and Second Layer Underwriters have not and cannot meet their burden to establish any valid basis for vacating or modifying the Award. Accordingly, the Award should be summarily confirmed.

## CONCLUSION

For all of the foregoing reasons, ICA respectfully requests that the Court deny the First and Second Layer Underwriters' motion to vacate the award, and to grant ICA's cross motion to confirm in its entirety.

Dated:   New York, New York
         February 26, 2016

                                        LOREE & LOREE

                                    By: _____
                                        Philip J. Loree Jr. (PL-2213)
                                        830 Third Avenue
                                        Fifth Floor
                                        New York, New York 10022
                                        (646) 253-0560
                                        (516) 627-1720 (alternative phone no.)
                                        (516) 941-6094 (mobile)
                                        Fax: +1 (800) 627-3118
                                        PJL1@LoreeLawFirm.com

                                        ATTORNEYS FOR
                                        RESPONDENT INSURANCE
                                        COMPANY OF THE AMERICAS

To (Via ECF): All counsel in these consolidated
Proceedings